```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>REAL PROPERTY LOCATED AT 3956 CRIBBAGE LANE, OROVILLE, CALIFORNIA, BUTTE COUNTY, APN: 058-230-029, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>REAL PROPERTY LOCATED AT 3965 CRIBBAGE LANE, OROVILLE, CALIFORNIA, BUTTE COUNTY, APN: 058-230-027, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>   Defendants. | 2:08-cv-02498-GEB-EFB<br><br>FINAL JUDGMENT OF FORFEITURE AGAINST REAL PROPERTY LOCATED AT 3965 CRIBBAGE LANE, OROVILLE, CALIFORNIA, BUTTE COUNTY, APN: 058-230-027 |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil forfeiture action against two real properties located in Oroville, California.  The first real property is located at 3956 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-029, and more fully described as:

**PARCEL 1:**

COMMENCING at the Southeast corner of said Northeast quarter of Section 10; thence along the East line thereof; North 0°07'26" East, 105.10 feet; thence leaving said line North 75°17'12" West, 293.38 feet to the true point of beginning for the parcel herein described; thence from said true point of beginning, South 77°10'18" West, 97.91 feet; thence North 38°40'30' West, 313.82 feet to the center line of a 60.00 foot road easement; thence leaving said centerline, South 38°40'30" East, 310.22 feet; thence South 3°35'48" West, 62.57 feet to the point of beginning.

**PARCEL II:**

A non-exclusive easement for road purposes and public utility purposes over a strip of land 60.00 feet in width, lying 30.00 feet on either side of a line beginning at the most Northerly corner of said parcel; thence along the Northwesterly line of said parcel, South 51°19'30" West, 328.93 feet to the Concow Road.

APN: 058-230-029

2. The second real property is located at 3965 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-027 (hereafter collectively referred to as the "defendant real properties"), and more fully described as:

**PARCEL I:**

BEING A PORTION OF THE NORTHEAST QUARTER OF SECTION 10, TOWNSHIP 22 NORTH, RANGE 4 EAST, M.D.B. & M., AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHEAST CORNER OF SAID NORTHEAST QUARTER OF SECTION 10; THENCE ALONG THE EAST LINE OF SAID SECTION, NORTH 0 DEG. 07' 20" EAST, 864.71 FEET; THENCE SOUTH 51 DEG. 19' 30" WEST 326.83 FEET TO THE TRUE POINT OF BEGINNING FOR THE PARCEL HEREIN DESCRIBED; THENCE FROM SAID TRUE POINT OF BEGINNING CONTINUING SOUTH 51 DEG. 19' 30" WEST, 282.00 FEET; THENCE SOUTH 38 DEG. 40'30" EAST, 310.22 FEET; THENCE NORTH 3 DEG. 35' 48" EAST 419.24 FEET TO THE POINT OF BEGINNING.

**PARCEL II:**

A NON EXCLUSIVE EASEMENT FOR ROAD PURPOSES AND PUBLIC UTILITY PURPOSES OVER A STRIP OF LAND 60.00 FEET IN

1   WIDTH, LYING 30.00 FEET ON EITHER SIDE OF THE NORTHERLY
    LINE OF THE PARCEL OF LAND CONVEYED TO CARL E. BALDWIN,
2   ET UX, RECORDED MARCH 24, 1976, IN BOOK 2057 OF BUTTE
    COUNTY OFFICIAL RECORDS, AT PAGE 133 AND SAID LINE
3   EXTENDED SOUTHWESTERLY TO CONCOW ROAD.

4   **PARCEL III:**

5   A NON EXCLUSIVE EASEMENT FOR ROAD PURPOSES OVER A STRIP
    OF LAND DESCRIBED IN THAT CERTAIN EASEMENT DEED EXECUTED
6   BY LUCILLE S. STUART IN FAVOR OF TEN-SEVENTY CORPORATION,
    A CALIFORNIA CORPORATION, RECORDED OCTOBER 13, 1964, IN
7   BOOK 1340 OF OFFICIAL RECORDS, AT PAGE 234.

8   APN: 058-230-027

9       3.   A Verified Complaint for Forfeiture *In Rem* was filed on
10  October 21, 2008, seeking the forfeiture of the defendant real
11  properties, alleging that said properties are subject to
12  forfeiture to the United States of America pursuant to 21 U.S.C.
13  § 881(a)(7), as real properties used or intended to be used, in
14  any manner or part, to commit, or to facilitate the commission
15  of, a violation of 21 U.S.C. § 841 *et seq.*
16      4.   By order filed October 22, 2008, Magistrate Judge
17  Brennan authorized public notice of the action to be given one
18  time for 30 consecutive days on the official internet government
19  forfeiture site www.forfeiture.gov.  Publication in a manner
20  consistent with the Court's order began on January 7, 2009, and
21  ran at least 30 consecutive days, as required by Rule
22  G(4)(a)(iv)(C) of Supplemental Rules for Admiralty or Maritime
23  Claims and Asset Forfeiture Actions (hereafter "Supplemental
24  Rules").
25      5.   On November 20, 2008, the defendant real properties were
26  posted with a copy of the complaint and notice of complaint.
27      6.   In addition to public notice of the action on the
28  official internet government forfeiture site www.forfeiture.gov,

1  the government gave actual notice, or made reasonable efforts to
2  give actual notice to the following entities and individuals:
3        a.   Todd Humphrey
4        b.   Alfred Ornelas
5        c.   McMains Bail Bonds
6    7.   On November 20, 2008, claimant Humphrey filed a Verified
7  Claim in Response to Complaint for Forfeiture *In Rem* alleging a
8  100% interest in the defendant real properties.  On December 16,
9  2008, claimant Humphrey filed an Answer to Complaint for
10 Forfeiture *In Rem*.
11   8.   The recorded owner of the defendant real properties is
12 Todd Humphrey, a single man.
13   9.   No other parties have filed claims or answers in this
14 matter and the time for which any person or entity may file a
15 claim and answer has expired.
16   10.  On February 2, 2009, a Clerk's Certificate of Entry of
17 Default was entered against McMains Bail Bonds.
18   11.  On January 26, 2010, a Clerk's Certificate of Entry of
19 Default was entered against Alfred Ornelas.
20   Based on the above findings, and the files and records of
21 the Court, it is hereby
22   ORDERED AND ADJUDGED:
23   1.   The Court adopts the Stipulation for Final Judgment of
24 Forfeiture entered into by and between the parties to this
25 action.
26   2.   Judgment is hereby entered against claimant Humphrey and
27 all other potential claimants who have not filed claims in this
28 action.

3. The United States agrees to dismiss the forfeiture action against the defendant real property located at 3956 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-029.  Within thirty (30) days of the entry of Final Judgment of Forfeiture, the United States shall record a Withdrawal of Lis Pendens against the defendant real property located at 3956 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-029.

4. All right, title, and interest in the defendant real property located at 3965 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-027 shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

5. After the entry of this Final Judgment of Forfeiture, the U.S. Marshals Service shall list the defendant real property at 3965 Cribbage Lane, Oroville, California, Butte County, APN: 058-230-027 for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real property.

6. The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

7. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate

the marketing and sale of the property.

    8.   The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (a)   The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        (b)   Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

        (c)   A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        (d)   The seller shall pay any county transfer taxes.

        (e)   To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

    9.   Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on October 28, 2008, and prior to the close of escrow may be paid out of escrow.  The United States may

1  pay any such lien or encumbrance at its sole discretion.
2      10.  The costs of a lender's policy of title insurance
3  (ALTA policy) shall be paid for by the buyer.
4      11.  All loan fees, "points" and other costs of
5  obtaining financing shall be paid for by the buyer of the
6  defendant real property.
7      12.  Each party shall execute all documents necessary to
8  close escrow, if such signatures are required by the title
9  insurer.
10     13.  Claimant Humphrey shall maintain the defendant real
11 property located at 3965 Cribbage Lane, Oroville, California,
12 Butte County, APN: 058-230-027 in the same condition and repair
13 as existed as of the date of the posting, normal wear and tear
14 excepted, until he has vacated the premises.  The term "maintain"
15 shall include, but is not limited to, keeping the property free
16 of hazard and structural defects; keeping all heating, air
17 conditioning, plumbing, electrical, gas, oil, or other power
18 facilities in good working condition and repair; keeping the
19 property clean and performing such necessary sanitation and waste
20 removal; keeping the property in good condition by providing for
21 lawn and yard maintenance; and other ordinary and necessary items
22 of routine maintenance.
23     14.  Claimant Humphrey shall vacate the defendant real
24 property at 3965 Cribbage Lane, Oroville, California, on 72 hours
25 notice by the U.S. Marshals Service.  The U.S. Marshals Service
26 shall not give claimant a notice to vacate sooner than 72 hours
27 after entry of the Final Judgment of Forfeiture.  Claimant
28 further shall remove all personal possessions, and the personal

1  possessions of any former occupant, including all vehicles,
2  furniture, and trash, and to leave the property clean and in the
3  same state of repair as the property was on the date it was
4  posted.  Any and all of claimant's personal possessions, and the
5  personal possessions of any former occupant, not removed within
6  72 hours will be disposed of by the United States without further
7  notice.
8       15.  Plaintiff United States of America and its servants,
9  agents, and employees are released from any and all liability
10 arising out of or in any way connected with the posting,
11 forfeiture, or sale, of the defendant real properties.  This is a
12 full and final release applying to all unknown and unanticipated
13 injuries, and/or damages arising out of said posting, forfeiture,
14 or sale, as well as to those now known or disclosed.  The parties
15 to this stipulation waive the provisions of California Civil Code
16 § 1542, which provides:
17           A general release does not extend to claims which
              the creditor does not know or suspect to exist in
18            his favor at the time of executing the release,
              which if known by him must have materially affected
19            his settlement with the debtor.
20      16.  Pursuant to the stipulation of the parties, and
21 allegations set forth in the Verified Complaint for Forfeiture <u>In</u>
22 <u>Rem</u> filed October 21, 2008, the Court finds that there was
23 reasonable cause for the posting of the defendant real
24 properties, and the commencement and prosecution of this
25 forfeiture action, and the Court may enter a Certificate of
26 Reasonable Cause pursuant to 28 U.S.C. § 2465.
27      17.  All parties are to bear their own costs and attorneys'
28 fees, except as provided for herein.

18. Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

Dated: March 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed October 21, 2008, and the Stipulation for Final Judgment of Forfeiture filed on March 9, 2010, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real properties, and for the commencement and prosecution of this forfeiture action.

Dated: March 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge